OPINION
NASON, J.:

Background:

The Court’s files and records provide the following information: Appellant is the *197 non-Indian father of two male children enrolled in the Tulalip Tribes. On January 4, 2006, by default order, the Tulalip Tribal Court issued a decree of dissolution of marriage and a parenting plan in Appellant’s marriage with Appellee, Jacqueline Battle, an enrolled Tulalip Tribal member. The parenting plan granted sole custody of the couple’s two sons to the mother, with no visitation for the father. However, the residential schedule in the parenting plan included the provisions that “visitation is suspended until father petitions for visitation and provides plan to insure safety of children.” The parenting plan also provided for “Other days or special arrangements: w/paternal grandmother.” Id.
On November 17, 2007, Appellant was convicted of a nonviolent offense and sentenced to 114 months in state prison. He is serving his time at the Stafford Creek Correction Center in Aberdeen, Washington and anticipates an early release.[1] On April 26, 2012, Appellant filed a petition for modification of the parenting plan. The petition requests that the parenting plan be modified to “allow visitation with the father while incarcerated no less than twice per quarter in the care of Grandmother and or Uncle, Father’s Brother,” both of whom Appellant maintains have “an ongoing substantial relationship with the children.”
The Court records also establish that the trial court held a hearing on the petition on July 3, 2012. Appellee appeared and stated her opposition to the petition and testified for less than three minutes. Her testimony was that the boys are “doing well in school, sports and at home;” that the older boy is busy in sports; that there has been minimal involvement of the paternal grandmother and uncle because the grandmother depends on transportation from the uncle, and the uncle works a grave shift; and that “I really am not for this [the modification/visitation].” Appellant testified that his conviction was for a nonviolent offense (accessory to a drug transaction) and he maintained his innocence. At that time he indicated his desire to reestablish his relationship with his sons as his release date was nearing. He testified that the correctional center is drug-free and safe, and that it sponsors programs and events for fathers and sons. The trial judge questioned the correctional officer who coordinated Appellant’s telephonic appearance concerning Appellant’s disciplinary record while incarcerated. The correctional officer stated “his infraction history is very minimal, at the most.”
At the conclusion of the hearing, the judge announced his decision would be to deny the petition, but “without prejudice,” and encouraged Appellant to resubmit his petition once he is actually released from prison. On that same date, the Judge entered a written order memorializing his ruling from the bench.
Appellant then filed this appeal.

Standard of Review:

This Court is directed to review findings of fact under a clearly erroneous standard and review conclusions of law by the de novo standard, TTC 2.20.090.

Discussion:

The trial court’s decision focuses on what it characterizes as “inconsistent provisions” in two sections of the Tulalip Domestic Relations Code, TTC 4.20.250 and TTC 4.20.270 (formerly TO 85.4.15 and TO 85.4.17, respectively). According to the *198 court’s order, under TTC 4.20.270 [TO 85.4.17] the modification would have to “be in the best interests of the child,” whereas under TTC 4.20.250 [TO 85.4.15] “visitation does not have to be in the best interests of the child.” The Order Denying Visitation also states, without citation to cases or the code:
It has been consistently ruled in cases in this court involving visitation by parents, that the visitation must be in the best interests of the child. But because of the wording of the ordinance, this Court feels constrained to follow the dictates of the ordinance, and will only deny visitation if it would endanger the child’s physical, mental, or emotional health.
The trial judge’s focus on inconsistent provisions is misplaced. TTC 4.20.270 [TO 85.4.17], the section that prohibits a modification unless the court finds it to be in the best interests of the child, pertains only to a modification of a prior decree of custody. Appellant’s petition did not seek a modification of the custody decree—it sought only a grant of visitation rights. Petitions for visitation are governed by TTC 4.20.250 [TO 85.4.15], which allows the court to consider the best interests of the child(ren), but also unequivocally mandates that “the Court shall not restrict a parent’s ... visitation rights unless it finds that the visitation would endanger the child’s physical, mental, or emotional health.” TTC 4.20.250(2) [TO 85.4.15.2].
Thus, despite the trial court’s focus on a presumed inconsistency in the ordinance, the judge actually articulated the proper rule of law for deciding the case—that “the dictates of the ordinance” require that the court “only deny visitation if it would endanger the child’s physical, mental, or emotional health.” However, the court’s denial of the petition implies that that the requested visitation would endanger the children’s emotional health without there being any evidence in the record to support such a finding.
Near the conclusion of the hearing, the trial judge told Appellant, “this has to be somewhat phased in [inaudible] your connection with the kids and my suggestion is sir, is when you get out you should, at that point you should start trying to do it but not now because I just don’t think it’s a good idea to start trying to do this at, in, at this time.... ” Hearing Audio 10:08:05. The judge then states, despite the “dictates of the ordinance,” that he is basing his decision on what he believes is in the best interests of the children, 10:08:50, in addition to also stating that “it’s best if kids maintain a connection with both parents no matter what.... ” Hearing Audio 10:08:25. The Judge concludes “I think I understand the problem very well because I’ve practiced every kind of law you can think of over my career.” Hearing Audio 10:11:45. In his written ruling, the judge states “I find that starting visitation at this time, when there has been no visitation for almost 5 years, that visitation would be taking place in a prison with a parent whom they have not had visitation for almost 5 years, that the distance to be traveled is lengthy, that that would risk making the children insecure, make them vulnerable to damage to their emotional health, and put them in jeopardy of damage to their emotional health.”
Appellee’s testimony includes no evidence supporting this “finding” by the judge. Appellee simply testified that the children are doing well in school, in sports, and at home; that the oldest boy is busy with sports; and that she is personally opposed to the petition for visitation. Ap-pellee neither suggested nor introduced any evidence that visitation with the father would “endanger” either child’s physical, mental, or emotional health. The court did not avail itself of its authority under *199 TTC 4.20.230(1) to interview the children in chambers to ascertain the children’s wishes as to visitation privileges, despite the mandate of the ordinance that “the court shall consider all relevant factors, including the wishes of the child[ren] as to visitation privileges.” TTC 4.20.200(2). Nor did the court base its ruling on “the advice of professional personnel or persons knowledgeable in the welfare of Indian children,” as allowed under TTC 4.20.230. And while the court heard that Appellant was incarcerated in Aberdeen, it was only the judge, not either party, who characterized the distance as “lengthy.” However, travel time is simply not a factor for denying parental visitation under the ordinance.
While not receiving any evidence, or even a claim, that visitation would “endanger” either child, the court did hear testimony from both Appellant and the corrections officer that Appellant is a nonviolent offender with a good disciplinary record, and that the prison is a safe, drug-free facility with programs and events specifically designed to encourage ongoing relationships between inmates and their children. Appellant’s petition for at most eight visits per year with his sons, facilitated by his mother and brother, is “reasonable” as provided for in TTC 4.20.250 [TO 85.4.15], and responds directly to the provision of the parenting plan that “visitation is suspended until father petitions for visitation and provides plan to insure safety of children,” and with “Other days or special arrangements: w/paternal grandmother.” Based on this record, it seems that the judge substituted his own personal biases for evidence, and ultimately ignored the mandate of the ordinance that reasonable visitation with a parent not be restricted unless it would endanger the children.

Conclusion:

The decision of the Trial Court in this case is reversed. This case is remanded to the Trial Court for further proceedings consistent with this opinion.
IT IS SO ORDERED.

. Appellant’s Petition for Modification of Parenting Plan projects his release date to be March 6, 2014, but at oral argument, Appellant informed the Court he could be released as early as September 2013. The Petition indicates Appellant will then be released to a half-way house.